IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALMA SIMONET, et al.

Plaintiffs,

v.                                          Civil No. 06-1230 (GAG/CVR)

GLAXOSMITHKLINE, et al.,

Defendants.

**OPINION AND ORDER**

Presently before the court is a settlement agreement in the above-captioned class action that has been submitted for the court's final approval. After having held a Final Fairness Hearing on July 27, 2009, the court now **APPROVES** the proposed settlement agreement and **AWARDS** the proposed attorney's fees.

In evaluating the propriety of a proposed class action settlement, courts are required to make an inquiry to determine whether the proposal, taken as a whole, is fair, adequate, reasonable, and in the best interests of all those who will be affected by it. 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1797.1 (Civil 3d 2005); see also Giusti-Bravo v. United States Veterans Administration, 853 F. Supp. 34, 36 (D.P.R. 1993). In determining whether a settlement is fair, reasonable, and adequate, the court does not act in a vacuum. Several factors have to be taken into consideration by the court when making the inquiry. Among them are the likelihood of recovery, or likelihood of success on the merits; the amount and nature of discovery or evidence; the settlement terms and conditions; the recommendation and experience of counsel; the future expense and likely duration of litigation; the recommendation of neutral parties, if any; the number of objectors and nature of the objections; the presence of good faith and the absence of collusion. Giusti-Bravo, 853 F. Supp at 36 (citing Herbert B. Newberg & Alba Conte, 2H Newberg on Class Actions § 11.43 (1992)).

**Civil No. 06-1230 (GAG/CVR)**

  *(i)  Likelihood of recovery or success on the merits*

  In applying this factor, the court is required to judge the fairness of the proposed compromise by evaluating the probable outcome of the litigation and the terms of the settlement and by weighing the remedies the class could secure from it against the probable costs and results of continued litigation. Carson v. American Brands, Inc., 450 U.S. 79, 88 n. 14 (1981). In doing so, however, the court is not to decide the merits of the case or resolve unsettled legal questions. Id. As discussed in the Final Fairness Hearing, in this case there is an issue as to what proof, if any, can be offered by the members of the class to prove their damages. This issue could make recovery by the class members particularly difficult. The court finds that the amount of the settlement is very adequate and beneficial to the class given that if this case were not settled there is a high probability that the class members would not be able to a secure any amount of damages.

  *(ii)  The amount and nature of discovery*

  The court is required to ascertain whether sufficient evidence has been obtained through discovery in order to allow a determination as to the adequacy of a settlement. The facts of this case show that both class counsel and defendant's counsel have been very diligent in conducting discovery and that, by the time the settlement was reached, an extensive amount of discovery had already been completed. The court understands that the amount of discovery conducted so far is sufficient to permit an accurate assessment of each party's strengths and weaknesses. After assessing the strengths and weaknesses of each party, the court finds that this settlement is appropriate.

  *(iii)  The settlement terms and conditions*

  The court is also required to make a determination that the settlement secures an adequate advantage for the class in return for the surrender of litigation rights against the defendants. That seems to be the case here insofar as the class members are getting a substantial monetary settlement in exchange for surrendering litigation rights which clearly do not guarantee any award of damages or that liability will be established.

**Civil No. 06-1230 (GAG/CVR)**

*(iv)   The recommendation and experience of counsel*

The court must also take into account the recommendation of counsel. The weight accorded to it is dependent on a variety of factors, among them, the length of their involvement in the litigation, their competence, and their experience in this particular type of litigation. As discussed in the Fairness Hearing, counsel for both the class and the defendants have ample experience in class action litigation. Furthermore, they have worked in this case, as well as on the related California litigation, for many years and, thus, are very familiar with the claims and the probability of success in the merits. Therefore, their endorsement of this settlement carries much weight with the court.

*(v)   The future expense and likely duration of litigation*

This case is already three years old. The court is aware that if this case were not settled it would probably continue for many more years given the extensive discovery that would be needed and the sophisticated nature of the claims. Therefore, this court finds that it would be beneficial for the class members to conclude this litigation as soon as practicable. Also, this case puts and end to the California state court litigation between the same parties.

*(vi)   The number of objectors and nature of the objections*

There are several objections in this case. The most important ones will be discussed *seriatim*. Firstly, the objectors claim that the consumer class and the third-party payor class should be represented by separate counsel so that the interests of both sub-classes can be adequately represented. During the Fairness Hearing this issue was clarified and it was stated that both sub-classes are indeed represented by separate counsel. Therefore, the interests of both have been adequately protected in this settlement.

Second, the objectors claim that the attorney's fees in this case should not be based on the amount of the settlement fund but instead on the actual amount claimed by class members. There is ample case law which supports the idea of allowing attorney's fees based on a percentage of the total amount of the settlement fund. See, e.g., Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980). Furthermore, ample evidence was offered in the hearing that showed that there was an adequate

**Civil No. 06-1230 (GAG/CVR)**

relationship between the amount of money they would receive under the proposed settlement and the amount that they would be entitled to under a *Lodestar* analysis. Therefore, this court finds that the award of attorney's fees based on a percentage of the settlement fund is appropriate.

Third, the objectors state that any leftover money should not revert back to the defendant if it is not claimed by class members. The present settlement states that any unclaimed money shall revert back to the defendant. The court understands that this is reasonable and beneficial for both parties. First, defendant would probably not be willing to settle this case if it were not for this disposition. And second, if this case were decided on the merits the same situation would develop insofar as any money that was not actually claimed by class members would revert back to defendant. For these reasons, the court rejects this objection.

Fourth, some objectors claim that the notification process is flawed and that, therefore, class members should be identified and notified through a court-authorized subpoena process. The court disagrees with this idea. Notification schemes like the one here have been effectively used in class action suits throughout the United States. Furthermore, there are too many privacy implications of a system whereby the court subpoenas private medical information from pharmacies nationwide.

*(vii)   The presence of good faith and the absence of collusion*

Finally, none of the parties has offered any evidence of collusion or of a lack of good faith by any of the parties to this action. Furthermore, after analyzing all of the pleadings and the settlement agreement, the court concludes that this is a fair and balanced settlement that was achieved through good faith by all parties.

For the aforementioned reasons, the court **APPROVES** the proposed settlement agreement and **AWARDS** the proposed attorney's fees. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 4th day of September 2009.

S/Gustavo A. Gelpí

GUSTAVO A. GELPI
United States District Judge

**Civil No. 06-1230 (GAG/CVR)**

5